■ MARIA HENRIQUES, Respondent, v PAUL J. BOITANO et al., Appellants. [758 NYS2d 318] —Order of the Appellate Term of the Supreme Court, First Department, entered March 29, 2002, which, in a holdover proceeding involving respondent tenants' succession right to the subject apartment following the death of the tenant of record, reversed an order of the Civil Court, New York County (Debra Rose Samuels, J.), entered May 29, 2001, to the extent it imposed 22 NYCRR subpart 130-1 sanctions against petitioner landlord's attorney in the form of the costs and reasonable attorneys' fees that the tenants incurred on the landlord's prior appeal to the Civil Court, unanimously affirmed, with costs.

Civil Court imposed subpart 130-1 sanctions against the landlord's attorney in the form of the costs and reasonable attorneys' fees incurred by the tenants in suppressing evidence obtained through subpoenas that the landlord had served on banks, utilities and various other nonparties without notice to the tenants, and thus in violation of proper disclosure procedures (CPLR 3107, 3120 [b]). Appellate Term affirmed, relying on circumstances strongly indicating that the departure from proper procedure was deliberate and intended to obtain by stealth that which could not likely be obtained through proper channels. The landlord's attorney then paid the sanction, whereupon the tenants moved in Civil Court for a "clarification" or "broadening" of its prior order so as to include an award of the reasonable attorneys' fees they incurred in opposing the landlord's appeal. Civil Court granted the motion, but Appellate Term reversed, stating that the prior appeal, although unsuccessful, was not frivolous, and that the additional subpart 130-1 sanction sought by the tenants could not be recovered "under the guise of a so-called 'fee on a fee' * * * since the initial sanction award was sought and obtained by [them] solely on the basis of Rule 130, and the reciprocal provisions of Real Property Law § 234 were not shown to be implicated." (2002 NY Slip Op 50114 [U].) Assuming that the

tenants' motion for "clarification" or "broadening" was properly entertained (*but see* CPLR 2221 [d] [3]) by Civil Court (*but see* 22 NYCRR 130-1.1 [a]), it was properly denied by Appellate Term. The tenants do not presently argue that the prior appeal was part of a continuing effort by the landlord to circumvent proper disclosure procedures or otherwise frivolous (*see Levy v Carol Mgt. Corp.*, 260 AD2d 27, 34 [1999]), and we reject their argument that 22 NYCRR subpart 130-1 authorizes what is, in effect, a "fee on a sanction," i.e., a fee for appellate or other services performed by an attorney in successfully defending a sanction that a trial or motion court awarded in the form of a fee (*cf. Sage Realty Corp. v Proskauer Rose*, 288 AD2d 14, 15 [2001]). Concur—Buckley, P.J., Sullivan, Rosenberger, Wallach and Friedman, JJ.