OPINION OF THE COURT
Michelle D. Schreiber, J.
Petitioner commenced this holdover proceeding against the executor of the estate of Robert Mooney claiming the estate illegally sublet or assigned the rent-stabilized subject premises to underrespondent Frank Garcia. Mr. Garcia is the only respondent who has appeared in the case. On October 9, 2002 he served a written answer in which he asserts succession rights to the subject premises as a nontraditional family member under Rent Stabilization Code (9 NYCRR) § 2523.5 (b) and § 2520.6 (o) (2) because he lived with the deceased prime tenant, Robert Mooney, as his domestic partner for more than two years prior to Mr. Mooney’s death. The answer included a demand for a jury trial. The case was marked off calendar on March 24, 2003 pending document production and a deposition of Mr. Garcia. The discovery was concluded and on November 3, 2003, pursuant to a stipulation, the case was restored to the calendar; the answer was amended only to the extent of including an affirmative defense and counterclaim for breach of warranty of habitability. The petitioner moved to strike the jury demand and for outstanding use and occupancy; the motion was denied on December 8, 2003 as petitioner failed to appear after checking in to the Part.
On January 9, 2004 respondent moved for an order requiring petitioner to identify and produce all of the subpoenas it issued, quashing three subpoenas known to have been issued, quashing any additional subpoenas issued by petitioner which may be improper, directing petitioner’s counsel to produce the original of any document received in response to the improper subpoenas, staying issuance of any further improper subpoenas, suppressing all information obtained directly in response to any improper subpoena, and awarding costs and attorney’s fees pursuant to 22 NYCRR 130-1.1 (a) based on frivolous conduct. Petitioner cross-moved to strike the jury demand and for outstanding use and occupancy.
Respondent states that he discovered that petitioner’s counsel, Lawrence Wolf, issued three nonparty subpoenas duces tecum which state, “[m]ake telephone inquiries to Virna Maído *353 nado if you wish to provide required information and not have to appear in Court (212) 557-6700.” According to respondent, Ms. Maldonado is Mr. Wolfs secretary; the telephone number referred to in the subpoenas is Mr. Wolf’s office. The subpoenas were issued to Verizon-New York, Consolidated Edison and the Department of the Aging. The subpoena to the Department of the Aging was “so ordered” by this court with a directive that “a copy of this subpoena is to be served on respondent’s counsel within 48 hours of service on the Dept, of Aging.”
Respondent’s counsel states he was never served with a copy of the Department of the Aging subpoena as ordered by this court. He states that he first discovered the subpoenas on January 7, 2004 when Mr. Garcia received a letter addressed to Mr. Mooney from Verizon regarding the subpoena issued to it. Subsequently, he learned from the court clerk on January 8, 2004 of the two other subpoenas for Consolidated Edison and the Department of the Aging. Respondent’s counsel argues that issuance of these subpoenas, which direct the delivery of evidentiary materials to petitioner’s attorney’s office, and not to the court as required pursuant to CPLR 2301, constitutes “back door discovery” which has been condemned by both lower and appellate courts. (See, e.g., Henriques v Boitano, NYLJ, Oct. 27, 1999, at 27, col 3 [Civ Ct, NY County], affd NYLJ, Aug. 29, 2000, at 22, col 2 [App Term, 1st Dept], mod as to fees 304 AD2d 467 [App Div, 1st Dept 2003].)
A subpoena duces tecum may be issued by an attorney “to compel the production of specific documents that are relevant and material to facts at issue in a pending judicial proceeding.” (Matter of Terry D., 81 NY2d 1042, 1044 [1993] [internal quotation marks omitted].) However, a trial subpoena may not be used as a fishing expedition to obtain materials that could have been obtained in pretrial disclosure (Mestel & Co. v Smythe Masterson & Judd, 215 AD2d 329 [1st Dept 1995]), nor should it be used as a substitute for discovery or “to ascertain the existence of evidence.” (Matter of Terry D., 81 NY2d at 1044.) Disclosure in summary proceedings is further limited pursuant to CPLR 408 by the need to obtain leave of court.
Service requirements for subpoenas duces tecum are found in articles 23 (“Subpoenas, Oaths and Affirmations”) and 31 (“Disclosure”) of the CPLR. In a summary proceeding, after obtaining leave of court, CPLR 3120 (3) states that a party issuing a subpoena duces tecum to another party or any other *354 person[1] shall at the same time serve a copy of the subpoena upon all other parties and, within five days of compliance, give to each party notice that the items produced are available for inspection and copying, specifying the time and place. CPLR 2301 allows an attorney of record for a party to issue a subpoena duces tecum requiring the production of documents in court for trial. Effective January 1, 2004, CPLR 2303 (a) (see L 2003, ch 547, § 1), like CPLR 3120 (3), requires service of a subpoena duces tecum “on each party who has appeared in the action so that it is received by such parties promptly after service on the witness and before the production of books, papers or other things.”
In Henriques v Boitano (NYLJ, Oct. 27, 1999, at 27, col 3 [Civ Ct, NY County], affd NYLJ, Aug. 29, 2000, at 22, col 2 [App Term, 1st Dept], mod as to fees 304 AD2d 467 [App Div, 1st Dept 2003]), petitioner’s counsel issued, without notice to respondents, subpoenas duces tecum indicating that the information could be sent directly to the office of counsel for the petitioner in order to obviate the need for an appearance in court. The Appellate Term held that the subpoenas were improper due, inter alia, to the inclusion of “cover letters which, as the motion court accurately described, were ‘calculated to yield a turnover of documents directly to Petitioner’s counsel.’ ” (NYLJ, Aug. 29, 2000, at 22, col 2.) The court further found that suppression of the information obtained was appropriate since the course followed by the attorney was at “variance with acceptable discovery practice.” (NYLJ, Aug. 29, 2000, at 22, col 2 [internal quotation marks omitted], quoting Matter of Beiny, 129 AD2d 126, 133 [1st Dept 1987], appeal dismissed 71 NY2d 994 [1988].) In addition, it upheld the propriety of sanctions for the conduct which it agreed was frivolous.
Here, petitioner issued three subpoenas on nonparties and failed to serve a copy of the subpoenas on the respondent’s counsel. Not only were the subpoenas not served on all parties, but in addition they contained improper language suggesting that the witnesses could bypass a court appearance and merely supply information to petitioner’s counsel. Finally, the subpoena *355 on the Department of the Aging was signed by this court with a directive that petitioner serve the subpoena on respondent’s counsel within 48 hours of service on the Department of the Aging.[2] Petitioner failed to comply with that order.
In opposition to the motion Mr. Wolf states that he is aware that discovery in summary proceedings must be on notice to his adversary but asserts that this is not true for issuance of trial subpoenas. It appears Mr. Wolf may not have been aware of the revised provisions of the CPLR noted above. Even before the revisions, however, a motion was required, on notice to all parties, prior to service of a subpoena on a nonparty. Assuming Mr. Wolf was unaware of CPLR 3120 (3) or 2303 (a), he has not presented any excuse for his failure to serve respondent’s counsel with a copy of the subpoena on the Department of the Aging, despite this court’s direction.
Mr. Wolf claims that after his adversary contacted him regarding the language in the subpoenas suggesting a manner in which to avoid a court appearance, he wrote to the subpoenaed parties and informed them that they should ignore that portion of the subpoenas. The opposition papers do not include either a statement from Mr. Wolf or an affidavit from his secretary, Ms. Maldonado, stating whether any documents or information was received from those subpoenaed.
Based on the foregoing, the respondent’s request to quash the subpoenas on Consolidated Edison, Verizon-New York and the Department of the Aging is granted. However, as to the remaining relief sought by respondent the motion is granted to the extent of ordering a hearing on February 11, 2004, Part A at 3:00 p.m. Mr. Wolf and his secretary should be prepared to testify regarding issuance of any other subpoenas, documents received in response to the subpoenas, and whether any materials received were copied; they should bring to court copies of each subpoena, any material received, and all copies of those materials. Whether any information obtained should be suppressed will be determined after the hearing. Finally, respondent’s request for an award of costs and attorney’s fees pursuant to 22 NYCRR 130-1.1 (a) is granted as the conduct of Mr. Wolf was without basis in law and therefore frivolous. The hearing will also address the appropriate amount of fees and costs.
*356 Petitioner’s notice of cross motion seeks payment of use and occupancy. However, the affirmation in support is silent with respect to what is owed and petitioner fails to include an affidavit from someone with personal knowledge regarding the alleged outstanding use and occupancy. As the issue is raised only in the notice of motion and lacks any support, the motion is denied.
The cross motion also seeks to strike the jury demand. Petitioner claims that Mr. Garcia cannot demand a trial by jury because Robert Mooney’s 1971 lease contains a jury waiver clause and since Garcia asserts succession rights he is bound by the lease terms. In opposition respondent argues that petitioner waived its right to object to the jury demand since it failed to move for such relief until 13 months after the filing of the answer. Specifically, he argues that the matter has appeared on the calendar on numerous occasions and petitioner never once raised the issue. On November 3, 2003 petitioner even signed a stipulation agreeing to allow respondent to amend his answer which again included the jury demand.
This court need not address the issue of whether petitioner waived its right to object to the jury demand, although it is noted that undue delay may constitute waiver. (See e.g., 55th Mgt. Corp. v Goldman, 2001 NY Slip Op 40606[U] [App Term, 1st Dept]; Cantor v 255 W. 15th Holding Corp., 28 Misc 2d 503 [App Term, 1st Dept I960].) The jury waiver clause in the original lease cannot prevent a demand for a jury trial because at the time the parties signed the lease in 1971 definitions of nontraditional family and succession rights in Rent Stabilization Code § 2520.6 (o) (2) and § 2523.5 (b) had not yet been enacted. Therefore, when the parties signed the lease they could not have effectuated a knowing waiver of their right to a jury trial on this issue. (500 W. End v Merkin, NYLJ, Apr. 26, 2000, at 28, col 4 [Civ Ct, NY County]; Klipack v Raymar Novelties, 273 App Div 54 [1st Dept 1947].) Accordingly, petitioner’s request to strike the jury demand is denied.

. Prior to September 1, 2003, CPLR 3120 (2) (b) required a motion on notice to all adverse parties in order to obtain discovery and production of documents as against a nonparty; the nonparty had to be served with the request in the same manner as a summons. After September 1, 2003 (see L 2002, ch 575, § 2), the requirement in subdivision (2) (b) was replaced by subdivision (3).

. Although the subpoena was signed by the court on December 16, 2003, the court required this service as a result of CPLR 2303 (a) (eff Jan. 1, 2004) since the return date on the subpoena was January 28, 2004.