*555 OPINION OF THE COURT
Anthony J. Falanga, J.
This is a motion by the law firm of Davis Polk & Wardwell for an order pursuant to CPLR 2221 (e) granting said law firm leave to renew the portion of its January 21, 2005 order to show cause, denied by order dated April 14, 2005, seeking the imposition of sanctions against the plaintiffs attorney.
In support of the application, the movant states the following: (1) the defendant was employed as a secretary by the movant from January 26, 2004 until January 18, 2005; (2) on January 5, 2005, the plaintiffs attorney served a “Subpoena to take Deposition of Judgment Witness” (hereinafter judgment enforcement subpoena) upon the movant law firm demanding documents and testimony from the movant at the plaintiff’s counsel’s office on January 14, 2005; (3) said subpoena indicated that the plaintiff had an unsatisified money judgment against the defendant in the sum of $7,800 and demanded that the movant produce records, including movant’s “State and Federal corporate, personal or partnership tax returns for the years 2000, 2001, 2002 and 2003, that contain information relating to the defendant”; (4) the movant notified the plaintiffs attorney by letter dated January 10, 2005 that the judgment enforcement subpoena failed to afford the 10 days’ notice required by CPLR 5224, improperly required attendance at a deposition in Nassau County in contravention of CPLR 3110, and was overly broad and burdensome in that it demanded documents, in particular the law firm’s tax returns, that were not material or relevant; (5) thereafter a series of letters was exchanged between the movant and the plaintiffs attorney with reference to the judgment enforcement subpoena; (6) on the evening of Thursday, January 20, 2005, the plaintiffs attorney faxed a letter to the movant wherein counsel stated that “I trust you are aware that simultaneously with the service upon Davis Polk of the aforesaid Judgment Enforcement Subpoena, a separate Trial Subpoena was also served on Davis Polk . . . [S]uch Trial Subpoena is returnable before the Court on Monday January 24, 2005 . . . .” The letter goes on to state that if Davis Polk complies with the judgment enforcement subpoena prior to January 24, 2005, then said law firm need not appear on that day but may be on “standby.” Said letter threatens a contempt proceeding if Davis Polk fails to produce the demanded documents by January 21, 2005 or fails to appear in court on Monday, January 24, 2005; (7) on January 20, 2005, the *556 plaintiffs attorney sent a written correspondence to the movant by overnight mail stating that (a) a trial subpoena had been previously served on Davis Polk requiring it to produce a witness and documents in court on January 24, 2005, and (b) the plaintiff would seek a contempt order and the recovery of consequential damages including legal fees in the event the movant failed to produce all the materials demanded in said trial subpoena in court on Monday, January 24, 2005; (8) the movant diligently searched for, but could not locate, a trial subpoena served on January 5, 2005; (9) on Friday, January 21, 2005, the movant moved to quash the judgment enforcement subpoena, as well as a trial subpoena which had purportedly been served on January 5, 2005, but had not been located by the movant; (10) the movant retained local counsel to appear in the Nassau County Supreme Court on the return date of said order to show cause, January 26, 2005; and (11) the plaintiffs attorney advised said local counsel on January 26, 2005 that he had not served a trial subpoena on the movant on January 5, 2005 requiring movant’s attendance in court on January 24, 2005.
In addition, the movant points out that: (1) the judgment enforcement subpoena which was served on movant on January 5, 2005 has the words “Hon Ruth Balkin” on the first page and the words “Witness, Hon Ruth Balkin, one of the Justices of the Supreme Court” on the second page above the signature line, although said subpoena was not signed by Justice Balkin, giving it the appearance of judicial approval; (2) movant was required in five separate letters to respond to lengthy letters from plaintiffs counsel, and to ultimately cite the law for him explaining why the judgment enforcement subpoena failed to comply with various sections of the CPLR relating to notice and venue; (3) plaintiffs counsel repeatedly sent movant faxes after the close of business; (4) plaintiffs counsel’s fax machine was “out of order” leaving movant unable to correspond with plaintiffs counsel by fax; and (5) on January 17, 2005, via an after business hours fax, plaintiffs counsel demanded that the movant furnish documents not set forth in the judgment enforcement subpoena including personnel manuals and retirement plan materials and demanded that movant create various documents relating, for example, to “perks” received by the plaintiff.
The movant asserts that no competent or reasonable attorney would do the following: (1) serve a judgment enforcement subpoena on less than the required 10 days’ notice; (2) demand *557 a nonparty appear for a deposition outside the county where its office is located; (3) demand production of a law firm’s corporate tax returns and its partners’ personal tax returns to enforce a $7,800 judgment against one of its employees; (4) continue to insist on compliance with a defective subpoena and threaten to sue if same was not complied with after receiving writings explaining the law and explaining why the subpoena was defective; and/or (5) fraudulently represent that he had served a trial subpoena on January 5, 2005.
The movant contends that the plaintiffs attorney’s actions constitute sanctionable frivolous conduct as defined by 22 NYCRR 130-1.1 (a) and (c) (2) and (3) in that said counsel made material factual statements which were false and undertook conduct for the purpose of harassment. The movant states that said counsel’s actions forced it to unnecessarily bring an order to show cause and retain local counsel to seek an order quashing a nonexistent trial subpoena. The movant further contends that plaintiffs attorney’s conduct was deceitful in that he attempted to enforce a procedurally defective judgment enforcement subpoena by threatening to enforce a nonexistent trial subpoena unless the movant agreed to deliver documents to his office rather than to the courthouse, thereby enabling him to circumvent required statutory procedures.
Davis Polk seeks renewal of its prior motion brought on January 21, 2005, on the ground that it was not aware until January 26, 2005 that the plaintiffs attorney’s written representation that plaintiff had served a trial subpoena upon the movant, simultaneously with a judgment enforcement subpoena on January 5, 2005, was false.
The plaintiffs attorney, in opposing the instant application, states as follows: (1) that a trial subpoena was served on the movant, dated October 12, 2004, requiring its attendance and production of documents, in Supreme Court, Nassau County, in the above-captioned action before Referee Gibson on November 22, 2004, or any adjourned date; (2) that compliance with said trial subpoena was stayed by an order to show cause seeking to quash same brought by the defendant on November 5, 2004; (3) that the motion to quash was denied by order dated January 3, 2005; (4) that the order dated January 3, 2005 set the action down for inquest before Referee Gibson on January 24, 2005; and (5) that his letter representation to the Davis Polk law firm of January 20, 2005, stating that a trial subpoena had been served on the movant on January 5, 2005, simultaneously with a judgment enforcement subpoena, was a harmless error.
*558 Based upon all of the foregoing, the motion is decided as follows:
Leave to renew is granted and, upon renewal, the portion of movant’s prior motion seeking the imposition of sanctions is decided as follows:
Pursuant to CPLR 5223, a judgment creditor may compel disclosure of all matters relevant to the satisfaction of the judgment, by serving a subpoena upon any person. Article 52 of the CPLR does not contain a provision entitling a judgment debtor to notice of service of a subpoena served on a nonparty pursuant to CPLR 5223. Pursuant to CPLR 3106, 3107, 3111, 3120 and 2303 (a), proceedings intended to procure pretrial disclosure of books, papers or other documents, or the production thereof at trial, from a nonparty, must be on notice to all parties who have appeared in a pending civil litigation. The failure by one party, to a pending action, to afford the requisite notice to the opposing party, of a subpoena duces tecum served on a nonparty may constitute sanctionable conduct pursuant to 22 NYCRR 130-1.1 (see, Matter of Weinberg, 132 AD2d 190; DiMarco v Sparks, 212 AD2d 965 [1995]; Henriques v Boitano, 2002 NY Slip Op 50114[U] [2002], affd 304 AD2d 467 [2003]; Building Mgt. Co., Inc. v Schwartz, 3 Misc 3d 351 [2004]; Greenspan v Getter, 157 Misc 2d 638 [1993]). Although a party to a pending matrimonial action may serve a subpoena duces tecum pursuant to CPLR 5223, in an effort to obtain information relevant to the satisfaction of a money judgment for pendente lite arrears (see, Rozzo v Rozzo, 274 AD2d 53 [2000]), said party may not utilize the judgment enforcement procedures set forth in CPLR article 52 to circumvent the notice requirements relating to the production of documents during pretrial discovery proceedings and/or at the trial of the pending action.
Here, plaintiff’s attorney concedes that he never served a copy of the order dated January 3, 2005, sustaining the trial subpoena dated October 12, 2004, on the movant. He did not notify the movant of the January 24, 2005 inquest date until January 20, 2005 and, accordingly, the court finds that he failed to provide the movant with reasonable notice of the inquest in contravention of the mandate set forth in CPLR 2305 (a) which requires that reasonable notice be provided of any adjourned date.
Plaintiff’s counsel admits that no copy of the trial subpoena, dated October 12, 2004, was ever served on the defendant. Said counsel, in fact, points out that the only way the defendant *559 could have obtained a copy of said trial subpoena was if she received it from the movant, as the plaintiff never served a copy of same on the defendant.
The judgment enforcement subpoena herein clearly failed to comply with the notice and venue provisions of CPLR 5224 and 3110, and the demand therein for the production of the movant’s tax returns was palpably improper (see, Abbene v Griffin, 208 AD2d 483 [1994]; McCarthy v Klein, 238 AD2d 552 [1997]; Muller v Sorensen, 138 AD2d 683 [1988]). Nevertheless, plaintiffs counsel demanded the production by the movant of certain documents, ostensibly pursuant to said judgment enforcement subpoena, in lieu of the movant’s compliance with either a nonexistent trial subpoena, which plaintiffs counsel inaccurately represented had been served on January 5, 2005, or in lieu of compliance with the trial subpoena dated October 12, 2004, despite the fact that said counsel had not served a copy of the order dated January 3, 2005 on the movant, which sustained said trial subpoena and scheduled an inquest for January 24, 2005. Further, plaintiffs counsel demanded that said documents be produced at his office rather than at the courthouse.
It is clear that plaintiff’s counsel served the judgment enforcement subpoena herein under the guise of enforcing a money judgment pursuant to CPLR 5223 and 5224, with the unequivocal intention of obtaining discovery and procuring documents to be utilized in support of plaintiff’s claims at the inquest of the action, without affording the defendant notice, in contravention of article 31 of the CPLR and CPLR 2303 (a). It is further clear that said judgment enforcement subpoena was procedurally and substantively palpably improper and that plaintiff’s counsel nevertheless sought to obtain documents from the movant prior to the inquest by inaccurately representing that a trial subpoena had been served on the movant on January 5, 2005. Such conduct was frivolous and constituted harassment of the movant as defined by 22 NYCRR 130-1.1. Accordingly, the movant’s motion for sanctions is granted to the extent that the plaintiff’s counsel is hereby sanctioned by the imposition of a fine in the sum of $1,000. Payment of said fine shall be made to the Clients’ Security Fund within 30 days of the date of this order. Plaintiff’s counsel shall file an affidavit with the court within said time to the effect that the sanction has been paid *560 by him from his own funds and not reimbursed by his client. To the extent that movant sought an award of costs and fees, said application is denied on the ground that such relief is available only to a party or counsel to a party (see, 22 NYCRR 130-1.1; Greenspan v Getter, supra).