■ Scott Needleman et al., Appellants, v Chaim Tornheim et al., Defendants. Quin Realty Corp., Nonparty Respondent. [930 NYS2d 896]—

Contrary to the plaintiffs' contention, the Supreme Court properly granted that branch of the motion of the nonparty, Quin Realty Corp., which was to quash the subject subpoena duces tecum, since the record fails to demonstrate that service

of the subpoena was made on all parties to the action as required by statute (*see* CPLR 3120 [3]; 2303; *Morano v Slattery Skanska, Inc.*, 18 Misc 3d 464, 472 [2007]; *Matter of Roth*, 7 Misc 3d 1010[A], 2005 NY Slip Op 050521[U] [2005]; *Bldg Mgt. Co. v Schwartz*, 3 Misc 3d 351, 354-355 [2004]). Additionally, the subpoena was facially defective and subject to being quashed because it neither contained nor was accompanied by an affirmation setting forth the language mandated by CPLR 3101 (a) (4) (*see Kooper v Kooper*, 74 AD3d 6, 13 [2010]; *Matter of American Express Prop. Cas. Co. v Vinci*, 63 AD3d 1055, 1056 [2009]; *Wolf v Wolf*, 300 AD2d 473 [2002]; *Knitwork Prods. Corp. v Helfat*, 234 AD2d 345, 346 [1996]). Although Quin Realty Corp. did not raise this latter issue at the Supreme Court, we may consider it because "it is an issue of law which appears on the face of the record and which could not have been avoided if raised at the proper juncture" (*Parry v Murphy*, 79 AD3d 713, 715 [2010]; *see Williams v Naylor*, 64 AD3d 588, 588-589 [2009]; *Block v Magee*, 146 AD2d 730, 732-733 [1989]).

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Florio, Eng and Sgroi, JJ., concur.