■ LAUREN APPEL GOTTLIEB, Respondent, v MICHAEL GOTTLIEB, Defendant. MALLOW, KONSTAM et al., Nonparty Appellants. [30 NYS3d 65]—

Order, Supreme Court, New York County (Ellen F. Gesmer, J.), entered August 26, 2015, which, to the extent appealed from as limited by the briefs, granted plaintiff wife's motions

for sanctions to the extent of directing nonparties Mallow, Konstam, Mazur, Bocketti & Nisonoff, P.C., Abe Konstam, Esq., and Madeleine Nisonoff, Esq. (collectively the attorneys), to pay the wife $317,480.67, representing the attorneys' fees incurred by her as a result of the attorneys' misconduct, unanimously modified, on the law and the facts, to vacate the award of $25,412.50 for pursuing a special proceeding after October 11, 2011 and in lieu thereof award $10,000 in sanctions; to vacate the awards of $78,812 for continuing the visitation trial after December 17, 2012, and $75,935 for preparation of the posttrial memorandum; to vacate the award of $28,135.35 for preparation of the addendum to the posttrial memorandum, and in lieu thereof impose $10,000 in sanctions; and to vacate the awards of $28,675 for bringing motion sequence four, $18,510.82, for bringing motion sequence five, and $62,000 for the sanctions hearing, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

The attorneys' conduct in pursuing the special proceeding after October 11, 2011 and until November 7, 2011, even though they had notice that defendant husband's claim had no merit, was "frivolous" within the meaning of 22 NYCRR 130-1.1 (c) (see Gottlieb v Gottlieb, 137 AD3d 614, 616 [1st Dept 2016]). Although the attorneys faxed a letter to the motion court on October 27, 2011 advising that the husband would withdraw the petition in the special proceeding, they did not formally withdraw the petition until November 7, 2011.

Nevertheless, the award of $25,412.50 in attorneys' fees, for the attorneys' frivolous conduct, should be vacated. In an order entered December 23, 2013, the same court and Justice awarded the wife attorneys' fees of $68,587.50 against defendant husband for the entire special proceeding, and this Court affirmed that award on appeal (see Gottlieb, 137 AD3d at 617). Although 22 NYCRR 130-1.1 allows an award of costs in the form of "reasonable attorney's fees" (22 NYCRR 130-1.1 [a]) against an attorney or a party to the litigation or "against both" (22 NYCRR 130-1.1 [b]), it does not authorize a double recovery, nor is an award of twice the amount of attorneys' fees "reasonable." Accordingly, the award of $25,412.50 should be vacated, and in lieu thereof sanctions in the amount of $10,000 should be imposed on the attorneys for their frivolous conduct (22 NYCRR 130-1.1 [a]; 130-1.2).

The attorneys did not act frivolously in continuing to litigate the visitation trial on the husband's behalf even after his parents had advised the attorneys in emails dated as early as December 17, 2012 that the husband did not want visitation

with the parties' child, and did not want to proceed with the visitation trial. The grandparents' representation was not dispositive of whether the visitation trial should have continued, as the husband "steadfastly maintained" that he wanted visitation (*Gottlieb*, 137 AD3d at 619). If he did not want visitation, he could have simply withdrawn his request, and his failure to do so is of greater significance than the emails (*id.*), as is the fact that he testified at length in that trial regarding his desire for visitation. Accordingly, the award of $78,812 in attorneys' fees, for continuing the visitation trial after December 17, 2012, and $75,935 for preparation of the related posttrial memorandum, should be vacated.

The motion court properly determined that the attorneys had acted frivolously in making and pursuing their untimely and meritless motion to quash subpoenas served on the grandparents before the visitation trial, and in directing the grandparents not to produce the subpoenaed records even after the motion was denied (*see Gottlieb*, 137 AD3d at 615-617). However, the statements in Nisonoff's affirmation alone do not sufficiently support the motion court's finding that the attorneys had acted frivolously by misrepresenting the extent of the grandparents' compliance with the subpoenas. The motion court does not elaborate on other misrepresentations that might support that conclusion.

As this Court previously noted, the attorneys' fees incurred in preparing the addendum to the posttrial memorandum, to address the significance of the belatedly produced subpoenaed documents, would have been incurred even if the documents had been timely produced (*Gottlieb*, 137 AD3d at 619). Accordingly, the award of $28,135.35 should be vacated, but in lieu of those costs, a sanction of $10,000 should be imposed on the attorneys for their frivolous conduct.

Lastly, the award of attorneys' fees incurred in making and pursuing the motions for sanctions (motion sequences four and five), and in participating in the sanctions hearing, should be vacated as impermissible "fees on fees" (*Sage Realty Corp. v Proskauer Rose*, 288 AD2d 14, 15 [1st Dept 2001], *lv denied* 97 NY2d 608 [2002]; *Henriques v Boitano*, 304 AD2d 467, 468 [1st Dept 2003]). Concur—Sweeny, J.P., Renwick, Saxe, Gische and Kahn, JJ.