Hoppenstein v Shore (2020 NY Slip Op 05580)





Hoppenstein v Shore


2020 NY Slip Op 05580


Decided on October 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 08, 2020

Before: Manzanet-Daniels, J.P., Gische, Gesmer, Singh, JJ. 


File No. 2918/15F Appeal No. 11997N Case No. 2020-00969 

[*1]Accounting of Abraham Solomon Hoppenstein, as Trustee of The Reuben Hoppenstein 2005 Trust Dated October 10, 2005, et al., Respondents-Appellants,
v
Ava Hoppenstein Shore, et al., Respondents-Respondents. 


Andrew M. La Bella, Scarsdale, for appellants.
Law Office of Jason J. Smith, New York (Jason J. Smith of counsel), for respondents.



Order, Surrogate's Court, New York County (Rita Mella, S.), entered on or about November 20, 2019, which, inter alia, denied objectants' motion to compel discovery and granted respondents' cross motion for a protective order, unanimously affirmed, without costs.
In 2005, Reuben Hoppenstein established a trust naming his children and grandchildren, the objectants and respondents, as beneficiaries. He named his brother as trustee, and in 2013, the trustee transferred all the trust assets to other trusts, pursuant to provisions of the 2005 trust indenture, which permitted such a transfer under certain stated conditions. The trusts to which the trustee transferred those assets did not name objectants as beneficiaries.
Objectants objected to the accounting provided by the trustee, on the ground that the transfer was made in order to conceal certain improprieties by the trustee in his management of the 2005 trust. Objectants sought wide-ranging discovery from respondents and the trustee concerning the assets of the 2005 trust, its investments and management, and respondents' role in other trusts that received the asset transfer. Respondents then moved for summary judgment. The Surrogate denied the motion, finding that there were issues of fact as to whether the trustee breached his fiduciary duty of impartiality to objectants and whether the transfer constituted an abuse of his discretion. The court directed objectants to serve new discovery demands on the trustee and respondents, limited solely to their capacity as trustees of the trusts that received the assets of the 2005 trust and limited to information concerning the bona fides of the transfer.
Objectants then served new discovery demands on respondents and, receiving no response, moved for compliance. Respondents cross-moved for a protective order. In the order now under review, the court denied objectants' motion and granted the cross motion, finding that the discovery demands were overbroad and went beyond the scope of its earlier order.
The court providently exercised its discretion in limiting discovery. In the event the transfer is found to be valid, information concerning the assets of the 2005 trust and
of the recipient trusts is not material and necessary (see Andon v 302-304 Mott St. Assoc. , 94 NY2d 740, 745 [2000]). If the transfer is set aside, the court may revisit the issue of the proper scope of discovery. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2020