Matter of Hoppenstein (2022 NY Slip Op 05754)

Matter of Hoppenstein

2022 NY Slip Op 05754

Decided on October 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 13, 2022

Before: Kapnick, J.P., Webber, Oing, González, Kennedy, JJ. 

File No. 2918/15 Appeal No. 16416-16416A Case No. 2021-04608, 2021-04788 

[*1]In the Matter of Reuben Hoppenstein, Grantor.
Joel Hoppenstein, Petitioner-Respondent,
Cheryl Lynne Hoppenstein et al., Respondents-Appellants, Ava Hoppenstein Shore et al., Respondents-Respondents, Andrew M. La Bella, Nonparty-Appellant.

Andrew M. La Bella, Scarsdale, for appellants.
Schlesinger Lazetera & Auchincloss LLP, New York (Ross S. Katz of counsel), for Joel Hoppenstein, respondent.
Smith Legacy Law, LLC, Rye (Jason J. Smith of counsel), for Ava Hoppenstein Shore and Charles H. Hoppenstein, respondents.

Order, Surrogate's Court, New York County (Rita Mella, S.), entered August 10, 2021, which, to the extent appealed from as limited by the briefs, granted the motions of petitioner Joel Hoppenstein and respondents Charles H. Hoppenstein and Ava Hoppenstein Shore for a protective order and sanctions, unanimously affirmed. Order, same court and Surrogate, entered December 7, 2021, ordering nonparty Andrew M. LaBella, Esq., to pay sanctions of $2500 to petitioner and $2500 to respondents, unanimously affirmed, without costs.
On or about October 10, 2005, nonparty Reuben Hoppenstein
established the Reuben Hoppenstein 2005 Trust (the 2005 trust). Nonparty Abraham Hoppenstein was the trustee. Reuben had four children: Charles, Ava, Cheryl, and nonparty Tivia Kramer. Yitzchak, Yonatan, Aryeh, Yara, and Adina are Cheryl's issue.
In 2006, Reuben established another trust, nonparty Reuben
Hoppenstein 2006 GRAT (the 2006 GRAT). Abraham was the trustee of this trust, as well. In October 2011, Abraham, as trustee of the 2005 trust distributed all of the trust's principal and income in equal shares to nonparties Charles Hoppenstein 2011 Trust, Ava Shore 2011 Trust, and Tivia Kramer 2011 Trust, excluding respondents-appellants (objectants) (October 2011 transfers). Charles and Ava are the trustees of those trusts. They subsequently transferred all the assets in the 2011 trusts to three similar trusts that Reuben created in 2013. In September 2018, Abraham submitted an accounting for the 2005 trust. In November 2018, objectants filed objections to the accounting.
This appeal is yet another in the already tortured history of discovery regarding those objections. Objectants have previously served discovery demands deemed improper by both this Court and the Surrogate Court. In a decision dated November 2019, the Surrogate Court denied objectants' motion to compel disclosure and granted the cross motion for a protective order finding that the demands for discovery were overbroad and went beyond the scope of the court's earlier order. There, objectants sought, inter alia, information as to complex transactions surrounding a 2005 trust investment and an allegedly improper loan that became uncollectible. On appeal, we stated, "The court providently exercised its discretion in limiting discovery. In the event the transfer [of assets from the 2005 trust to the 2011 trusts] is found to be valid, information concerning the assets of the 2005 trust . . . is not material and necessary" (Matter of Hoppenstein, 187 AD3d 469, 470 [1st Dept 2020]).
Nevertheless, on March 19, 2021, objectants (by their counsel, La Bella) served document requests, many of which sought information concerning the assets of the 2005 trust. In its ruling, the Surrogate Court stated, "Objectants . . . again asked for broad discovery that violates the court's previous orders. They have continued to make extensive and burdensome demands for documents such as operating agreements, ownership agreements[*2], and reorganization agreements for entities with only indirect connections to the Trust assets [O]bjectants fail to explain how the documents they demand might shed light on facts that are probative of the trustee's motive [concerning the October 2011 transfers] . . . Their conduct requires the court to rule for the third time on virtually the same issues."
We find that Surrogate Court again providently exercised its discretion in limiting discovery (see Kahn v Rodman, 91 AD2d 910, 911 [1st Dept 1983] ["fiscal matters . . . are not discoverable in this action for an accounting unless and until plaintiff establishes her right to an accounting"]).
Further, the Surrogate Court also providently exercised its discretion by sanctioning objectants' counsel a total of $5000 (see Pickens v Castro, 55 AD3d 443, 444 [1st Dept 2008]). Relitigating already-decided matters is sanctionable (see Levy v Carol Mgt. Corp., 260 AD2d 27, 34 [1st Dept 1999]), as is "impos[ing] on the judicial system an unnecessary burden" (Hoeflich v Chemical Bank, 149 AD2d 341, 342 [1st Dept 1989]).
Unlike Gordon Group Invs., LLC v Kugler (127 AD3d 592 [1st Dept 2015]), the Surrogate Court did not fail to identify the conduct it found frivolous. On the contrary, in the first order appealed from, it noted "the repeated repudiation by objectants' counsel of the court's orders, including his request for documents that in some instances were duplicative of documents for which the court previously granted a protective order." In the decision underlying the second order appealed from, the Surrogate further stated, "sanctions were warranted for the attorney's frivolous conduct of violating two orders of the court, one of which had been affirmed on appeal, by three times demanding discovery that exceeded the limits imposed by the court."
A factor to consider in determining frivolity is "whether the appellant's conduct was continued when its lack of merit was apparent or should have been apparent" (Yenom Corp. v 155 Wooster St. Inc., 33 AD3d 67, 70 [1st Dept 2006]). On March 15, 2021, the Surrogate's law clerk cautioned objectants' counsel that, by serving his discovery demands, he would be violating the Surrogate's prior rulings. Nevertheless, counsel served the demands on March 19. On March 22, the law clerk strongly recommended that counsel withdraw the demands and re-serve demands that comported with the Surrogate's prior rulings. On March 24, respondents' lawyer told objectants' counsel that he would file a motion for sanctions if counsel did not withdraw his discovery demands. Finally, on April 27, the Surrogate asked that objectants' counsel submit only such exhibits, or portions thereof, as were truly necessary for the determination of the motion; however, on April 30, he submitted almost 500 pages of exhibits, most of which were not necessary for the determination of the motion.
In light of the fact that the Surrogate awarded less than 10% of the fees requested
by movants, it [*3]did not award any "impermissible fees on fees" (Gottlieb v Gottlieb, 138
AD3d 575, 577 [1st Dept 2016] [internal quotation marks omitted]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2022