Applehole v Wyeth Ayerst Labs. (2023 NY Slip Op 01059)

Applehole v Wyeth Ayerst Labs.

2023 NY Slip Op 01059

Decided on February 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 28, 2023

Before: Kern, J.P., Oing, Kennedy, Mendez, Pitt-Burke, JJ. 

Index No. 105122/09 Appeal No. 17418 Case No. 2022-00788 

[*1]Clara Applehole et al., Plaintiff-Appellants,
v
Wyeth Ayerst Laboratories et al, Defendants, Paul Napoli et al., Defendants-Respondents. [And Another Action]

Parker Waichman LLP, Port Washington (Jay L. T. Breakstone of counsel), for appellants.
L'Abbate, Balkan, Colavita & Contini, LLP, Melville (Marian C. Rice of counsel), for Paul J. Napoli, Napoli, Kaiser & Associates LLP, Napoli Kaiser, Bern LLP, Napoli, Kaiser, Bern & Associates, LLP and Napoli, Kaiser & Bern, P.C., Groombridge, Wu, Baughman and Stone, LLP, New York (Eric Alan Stone of counsel), for Paul J. Napoli, Napoli, Kaiser & Associates LLP, Napoli Kaiser, Bern LLP, Napoli, Kaiser, Bern & Associates, LLP and Napoli, Kaiser & Bern, P.C. Ropers Majeski, P.C., New York (John W. Hanson of counsel), for Marc J. Bern and Law Office of Marc J Bern, and Godosky & Gentile, P.C., New York (Anthony Gentile of counsel), for Gerald Kaiser, respondents.

Appeal from order, Supreme Court, New York County (Andrew Borrok, J.), entered January 31, 2022, which granted the motion of defendants Paul J. Napoli, Gerald Kaiser, Marc J. Bern, Napoli, Kaiser & Associates LLP, Napoli, Kaiser, Bern LLP, Napoli, Kaiser, Bern & Associates LLP, Law Offices of Marc Jay Bern, P.C., Napoli, Kaiser, Bern & Associates P.C., and Napoli, Kaiser & Bern, P.C. to disqualify Parker Waichman LLP or any of its related entities from representing intervenor plaintiffs in this action, unanimously dismissed, without costs.
Plaintiffs have already appealed a prior order determining that Parker Waichman was disqualified under Rules of Professional Conduct (22 NYCRR 1200.0) rule 3.7(b) from representing intervenor plaintiffs in this action, as a partner of that firm was to be called as a material witness. This Court affirmed the order, and both this Court and the Court of Appeals denied leave to appeal (see Matter of Diet Drug Litig., 180 AD3d 483, 483 [1st Dept 2020], lv denied 36 NY3d 942 [2020]). As a result, since there has been no new evidence discovered after the prior order or any change in the applicable law, resolution of the issue on the prior appeal constitutes the law of the case and forecloses reexamination of the issue (see Kenney v City of New York, 74 AD3d 630, 630-631 [1st Dept 2010]). As Parker Waichman was disqualified from representing plaintiffs in any capacity, it does not have standing to bring the appeal and therefore, the appeal must be dismissed. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 28, 2023