Matter of Hoppenstein (2024 NY Slip Op 01509)

Matter of Hoppenstein

2024 NY Slip Op 01509

Decided on March 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2024

Before: Singh, J.P., González, Scarpulla, Higgitt, Rosado, JJ. 

File No. 2015-2918/F Appeal No. 1865-1866 Case No. 2023-04426, 2023-04987 

[*1]In the Matter of Reuben Hoppenstein, Grantor.
Joel Hoppenstein, Respondent,
Cheryl Lynne Hoppenstein, et al., Appellants, Ava Hoppenstein Shore, et al., Respondents.

Andrew M. LaBella, Scarsdale, for appellants.
Schlesinger Lazetera & Auchincloss LLP, New York (Ross Katz of counsel) for Joel Hoppenstein, respondent.
Smith Legacy Law, LLC, Rye (Jason J. Smith of counsel), for Ava Hoppenstein Shore and Charles H. Hoppenstein, respondents.

Decree, Surrogate's Court, New York County (Rita Mella, S.), entered on or about September 6, 2023, to the extent appealed from as limited by the briefs, approving petitioner's account and discharging Abraham Solomon Hoppenstein, individually, and as Trustee of The Reuben Hoppenstein 2005 Trust, and bringing up for review an order, same court and Surrogate, entered July 11, 2023, which granted petitioner's and respondents Ava Hoppenstein Shore and Charles H. Hoppenstein's respective motions for summary judgment, and denied respondents Cheryl Lynne Hoppenstein, Yitzchak Hoppenstein, Yonatan Hoppenstein, Aryeh Hoppenstein, Yara Hoppenstein and Adina Hoppenstein's (collectively objectants) cross-motion for the same relief, unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the decree.
In 2005, Reuben Hoppenstein established a trust that named his children and grandchildren as beneficiaries. Petitioner was named as trustee and remained so until his death in 2019.[FN1] In 2011, the trustee exercised his discretion and decanted the entirety of the 2005 Trust's principal and income to various other trusts, excluding objectants as potential beneficiaries. The relevant provisions of the 2005 Trust provided for such a transfer under certain circumstances. Objectants objected to the trustee's accounting on the grounds that the transfer was made in order to conceal his mismanagement of the 2005 Trust and served extensive discovery demands related to the trust's activities, structure, assets, transactions, and transfers.
In 2019, petitioner and respondents Ava Hoppenstein and Charles H. Hoppenstein moved for summary judgment to dismiss the objections and for a protective order. Objectants moved to compel a response to their discovery demands. On July 29, 2019, the Surrogate denied petitioner, Ava, and Charles' motion for summary judgment, finding that there were "triable issues of material fact as to whether the trustee breached his fiduciary duty of impartiality to the objecting beneficiaries, and whether the 2011 distributions constituted an abuse of discretion with an improper, self-serving motive." The Surrogate directed objectants to serve an amended request for discovery seeking documents and information "limited to the bona fides of the 2011 distributions."
By orders dated November 20, 2019 and August 10, 2021, the same court and Surrogate twice determined that objectants new discovery demands were overbroad and went beyond the scope of its prior orders. The August 10, 2021 order additionally imposed sanctions on objectants' counsel. We affirmed on appeal on October 8, 2020 and October 13, 2022, finding that the Surrogate had providently exercised her discretion in limiting discovery and imposing the sanction, respectively (Matter of Hoppenstein, 187 AD3d 469 [1st Dept 2020]; Matter of Hoppenstein, 209 AD3d 492 [1st Dept 2022]).
During the pendency of the 2022 appeal[*2], objectants moved to the vacate the note of issue and certificate of readiness to extend the discovery period. On January 5, 2023, the Surrogate denied objectants' motion, noting that the accounting proceeding had been pending since 2018 and not stayed; objectants had more than sufficient time to seek additional discovery that complied with its orders and had failed to do so; and objectants had repeatedly violated its prior orders.
On March 2, 2023, petitioner and respondents Ava and Charles separately moved for summary judgment and to dismiss objectants' objections to the accounting. Objectants cross-moved for summary judgment. On July 11, 2023, the Surrogate granted summary judgment to petitioner, Ava, and Charles, finding that they had sufficiently demonstrated the 2011 transfers were both valid on their face and complied with the provisions of the 2005 Trust and the applicable "decanting" statute, which provides that it "shall not be construed to abridge the right of any trustee to appoint property in further trust that arises. . . under the common law" (EPTL 10-6.6[k]).
Objectants now argue that the law of the case doctrine prevented the court from granting petitioner, Ava, and Charles' motions based on its 2019 denial of their motion for the same relief. The law of the case doctrine, however, did not compel the Surrogate to deny the motions, as it does not foreclose reexamination of a question where there is a showing of subsequent evidence (see Applehole v Wyeth Ayerst Labs., 213 AD3d 611 [1st Dept 2023]), and, unlike here, it applies only to legal determinations that were necessarily resolved on the merits in the prior decision (see 47 E. 34th St. [NY] L.P. v BridgeStreet Worldwide, Inc., 219 AD3d 1196, 1201 [1st Dept 2023]; Metropolitan Steel Indus., Inc. v Perini Corp., 36 AD3d 568, 570 [1st Dept 2007]). The court's July 29, 2019 decision denying the prior motion for summary judgment was based on providing objectants with the opportunity to obtain discovery, and the decision did not resolve the issues on the merits.
Objectants further argue that their cross-motion for summary judgment should have been granted based on the additional evidence they provided demonstrating that the trustee acted improperly. The court correctly denied objectants' motion for summary judgment, as they relied exclusively on surmise, suspicion, and conjecture to support their claims (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). They presented nothing to show that the Trustee's decision to decant the 2005 Trust was motivated by the desire to cover up his wrongdoing and rob them of standing to object. On their motion, the burden of proof was on objectants (Winegrad v New York
Univ. Med. Ctr., 64 NY2d 851, 853 [1985]), and they failed to sustain it.
We have considered objectants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: [*3]March 19, 2024

Footnotes

Footnote 1: Petitioner here is the personal representative of the trustee's estate.