Farrell Limousine Serv. LLC v Macro Consultants LLC (2024 NY Slip Op 05402)

Farrell Limousine Serv. LLC v Macro Consultants LLC

2024 NY Slip Op 05402

Decided on October 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2024

Before: Manzanet-Daniels, J.P., Friedman, Gesmer, Shulman, Michael, JJ. 

Index No. 653863/19 Appeal No. 2943 Case No. 2023-02865 

[*1]Farrell Limousine Service LLC, et al., Plaintiffs-Appellants,
v Macro Consultants LLC, Defendant-Respondent, Carrickmore P&D, LLC, et al., Defendants.

Lazarus & Lazarus, P.C., New York (Harlan M. Lazarus of counsel), for appellants.
Black Marjieh & Sanford LLP, Elmsford (Vito John Marzano of counsel), for respondent.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about May 4, 2023, which denied the motion of plaintiffs Farrell Limousine Service LLC and Farrell Properties LLC (collectively, Farrell) to amend the complaint to reinstate the cause of action for breach of contract as against defendant Macro Consultants LLC and granted Macro's motion to strike the complaint as against it, unanimously reversed, on the law, without costs, the motion to amend granted to the extent of granting Farrell leave to replead their breach of contract cause of action as against Macro, the motion to strike denied, and the unjust enrichment cause of action reinstated as against Macro.
This Court previously affirmed the motion court's dismissal of the breach of contract cause of action, which was based on an October 2010 agreement between Farrell and Macro (the Macro Agreement) (190 AD3d 482 [1st Dept 2021]). However, this Court clarified that dismissal was "without prejudice" to repleading.
To the extent Farrell seeks to reinstate the previously dismissed claim that the parties agreed to "extend" the Macro Agreement, the proposed amendment is insufficient. As this Court previously found, the Macro Agreement "did not include filing applications" for New York City's Industrial and Commercial Abatement Program (ICAP), and even if Macro had an obligation to cooperate with the project team to maintain a continuous review process, that obligation was only during the pre-development planning and approval phase of the project (Phase One) (id. at 482). Without new evidence of an agreement to extend the Macro Agreement or to amend the scope of services defined in exhibit A of the Macro Agreement, which did not include ICAP services, our prior decision dismissing that claim is law of the case (see Applehole v Wyeth Ayerst Labs., 213 AD3d 611, 611 [1st Dept 2023]).
However, in support of the motion to amend, Farrell offered new evidence showing that after the end of Phase One, the parties entered into a new agreement, under which Farrell agreed to pay a larger monthly fee for Macro's services in connection with a later phase of the project, and that "those services included supervising the subcontractors who had responsibility for ensuring that the final ICAP application was timely filed" (Farrell Limousine Serv. LLC, 190 AD3d at 482). The documentary evidence includes Macro's billing records showing that Macro rendered ICAP-related services and the deposition testimony of two of Macro's project managers who worked on the project after the end of Phase One. Since the proposed breach of contract claim, which is based on a separate agreement entered into between Farrell and Macro after the Macro Agreement, is not "palpably insufficient" or "clearly devoid of merit," Farrell's motion for leave to amend the complaint should have been granted (see MBIA Insurance Corp. v Greystone & Co., Inc., 74 AD3d 499, 500 [1st Dept 2010]).
As to Macro's motion to [*2]strike the unjust enrichment claim as a sanction for failure to comply with discovery, the drastic remedy of striking a pleading was not warranted (see Mateo v City of New York, 274 AD2d 337, 337 [1st Dept 2000]). Macro did not demonstrate, and the court did not find, that Farrell engaged in a long-standing pattern of willful or contumacious failure to comply with discovery demands or orders (CPLR 3126; see Jones v Green, 34 AD3d 260, 261 [1st Dept 2006]). Furthermore, the motion court's finding that Farrell failed to produce evidence of payments made to Macro outside of the Macro Agreement, which is a necessary element of unjust enrichment, is belied by the record, which includes evidence that Farrell made monthly payments to Macro outside the Macro Agreement after the end of Phase One.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2024