Distel v Distel (2025 NY Slip Op 05147)

Distel v Distel

2025 NY Slip Op 05147

Decided on September 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 25, 2025

Before: Scarpulla, J.P., Friedman, González, Shulman, Rosado, JJ. 

Index No. 365055/23|Appeal No. 4769|Case No. 2025-00482|

[*1]Erika Distel, Plaintiff-Respondent,
v
Edward Distel, Defendant-Respondent. Diana Arnone, Nonparty-Appellant, Todd Spodek et al., Nonparty-Respondents.

Diana Arnone, appellant pro se.
Spodek Law Group, P.C., New York (Jeremy G. Feigenbaum of counsel), for Edward Distel, respondent.

Order, Supreme Court, New York County (Kathleen A. Waterman-Marshall, J.), entered January 21, 2025, which, to the extent appealed from as limited by the briefs, granted in part defendant husband's motion for attorney's fees and sanctions against nonparty attorney Diana Arnone pursuant to 22 NYCRR 130-1.1, directing Arnone to pay sanctions in the amount of $500 to the Lawyers Fund for Client Protection, and sanctions in the amount of $7,570, representing the amount of defendant's counsel fees incurred, to the husband's counsel, unanimously modified, on the law and in the exercise of discretion, to delete the provision directing Arnone to pay the $7,570 sanction to defendant's counsel, and substituting a provision directing Arnone to pay attorney's fees in the amount of $2,025 to counsel, and directing Arnone to remit the balance of the sanction in the amount of $5,525 to the Lawyers' Fund for Client Protection, and otherwise affirmed, without costs.
Supreme Court providently exercised its discretion in granting defendant's motion for sanctions against Arnone. Shortly after the court's May 2024 conference in this matrimonial action, and unbeknownst to opposing counsel or the court, Arnone engaged in several ex parte communications with the Integrated Domestic Violence (IDV) court, seeking transfer of the matter. In so doing, she made numerous inflammatory and untrue representations in her failed attempt to obtain transfer, and opposing counsel only became aware of the attempt when copied on an email by the IDV part to Arnone rejecting her second transfer attempt.
Moreover, Arnone violated Supreme Court's part rules by submitting an order to show cause, not only without the requisite motion avoidance conference and prior notice to opposing counsel, but which substance consisted of the very items the parties were negotiating. Finally, when the court declined to adjourn the upcoming conference, Arnone sought an emergency conference, yet did not then, nor in the intervening months, proffer any explanation of the purported emergency. The court was therefore well within its broad discretion in sanctioning Arnone for frivolous conduct (see Rules of Chief Admr of Cts [22 NYCRR] § 130-1.1[a]; [c]).
As a preliminary matter, the court's directive that sanctions be paid to opposing counsel was improper because the sanction imposed was not authorized by law. 22 NYCRR 130-1.3 authorizes payment of a financial sanction into the Lawyers' Fund for Client Protection, not to litigants or their counsel. Under the circumstances of this case and based on the record, defendant's counsel is entitled to attorney's fees in the amount of $2,025, representing the amount incurred prior to and including the July 10, 2024, "emergency" conference and necessitated by Arnone's conduct. However, attorney's fees incurred in making and pursuing the motion for sanctions constitute impermissible "fees on fees" and defendant's counsel is not entitled to them (see Gottlieb v Gottlieb, 138 AD3d 575, 577 [1st Dept 2016]; Sage Realty Corp. v Proskauer Rose, 288 AD2d 14, 15 [1st Dept 2001], lv denied 97 NY2d 608 [2002]).
Given the gravity of Arnone's conduct, we further modify the order appealed from, in the exercise of our own discretion, to direct Arnone to pay the balance of the $7,570 sanction, $5,545, into the Lawyers' Fund for Client Protection (see B.E.M. v Warwick Val. Cent. Sch. Dist., 205 AD3d 708, 709-710 [2d Dept 2022]; 22 NYCRR 130.1-3).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 25, 2025