OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, without costs, appellants’ cross motion to quash granted, and the certified question answered in the negative.
The juvenile delinquency petition and underlying complaint allege that on September 18, 1990, respondent Terry D., then one week shy of his 16th birthday, entered a classroom at Brandéis High School in Manhattan, cursed the teacher, blocked her exit and punched her in the head. Respondent was charged with various acts of juvenile delinquency.
At respondent’s request, a Family Court Judge issued a subpoena duces tecum directing Brandéis’ assistant principal to produce in court "the names, addresses and telephone numbers of each student and non students who were in the classroom” at the time of the incident. The subpoena was duly served, and when the assistant principal did not comply, respondent moved to have her held in contempt and the witness and Board of Education cross-moved to quash the subpoena.
In support of the contempt motion, respondent’s attorney averred that "the names, addresses and telephone numbers requested are the potential witnesses to the offenses,” and in opposition to the motion to quash, he stated that the information was sought "for only one purpose, to wit, to locate each [witness] and subpoena him or her to appear in court to testify as to the incident in question and what each saw.”
The motions were decided as follows:
"Motion to quash partially granted. If Linda Marks [the assistant principal] is willing to produce the persons whose names were requested by *1044 respondent at a time and place to be chosen together by Mr. Tatem [respondent’s counsel] and Ms. Marks, the names and other identifying information need not be provided. If such an arrangement is not acceptable to Ms. Marks, the motion to quash is denied and Ms. Marks is directed to produce the information as to names and telephone numbers or times the children can be brought to answer a telephone at school.”
The assistant principal and Board of Education appealed and the Appellate Division affirmed by a three-two vote. That court granted leave to appeal, and we now reverse.
The Family Court is a State-wide court of record whose processes, warrants and mandates may be served and executed throughout the State (NY Const, art VI, § 1; Judiciary Law § 2 [8]). Like other courts of record, the Family Court may subpoena a witness to testify (Judiciary Law § 2-b [1]; Family Ct Act § 153) and "is also authorized to issue a subpoena duces tecum in accordance with * * * the applicable provisions of the CPLR.” (Family Ct Act § 153.)
Because the statutory subpoena authority is so broad, and the recipient may be subject to contempt sanctions for failure to comply (Family Ct Act § 156; Judiciary Law § 750 [3]; Matter of Spector v Allen, 281 NY 251, 258-259), by necessity courts have imposed limitations on the use of subpoena power. Generally, a subpoena duces tecum may not be used for the purpose of discovery or to ascertain the existence of evidence (People v Gissendanner, 48 NY2d 543, 551). "Rather, its purpose is 'to compel the production of specific documents that are relevant and material to facts at issue in a pending judicial proceeding’ ” (Matter of Constantine v Leto, 157 AD2d 376, 378, affd for reasons stated 77 NY2d 975).
On this record, the inexorable conclusion is that the purpose of the subpoena duces tecum was to obtain otherwise unavailable discovery. The discovery provisions of the Family Court Act do not require blanket disclosure of the names of all eyewitnesses (see, Family Ct Act §§ 330.1-335.2), and thus respondent would ordinarily be required to unearth this information through his own investigation. Of course, if the presentment agency were aware of potentially exculpatory statements made by an eyewitness, the information would have to be disclosed upon request (see, People v Vilardi, 76 NY2d 67, 75-76; Brady v Maryland, 373 US 83, 87-88). Similarly, prior *1045 statements made by a presentment agency witness that relate to the subject matter of his or her testimony must be disclosed prior to cross-examination (Family Ct Act § 331.4 [1] [a]).
Respondent, however, cannot use the procedural mechanism of a subpoena duces tecum to expand the discovery available under existing law (see, People v Gissendanner, 48 NY2d, at 551). Yet in view of his motion papers it is evident that this is precisely what respondent sought to do. Thus, Family Court abused its discretion in denying appellants’ motion to quash.
The dissent agrees as to the governing legal principles, but differs only as to whether there was an abuse of discretion in applying those principles to the facts before us. In the dissent’s view, the purpose of the subpoena was to "secure the attendance of witnesses” (dissenting mem, at 1045). While it is true, of course, that the Constitution protects the right to require the attendance of witnesses (dissenting mem, at 1046; Pennsylvania v Ritchie, 480 US 39, 56), and that ultimately respondent may have sought to compel the witnesses’ attendance at a hearing with a subpoena ad testificandum, it is plain (and indeed fully conceded by respondent) that the function of this subpoena was to locate all eyewitnesses. Accordingly, there is no merit to the suggestion that respondent’s constitutional rights are implicated in these circumstances.
Given this result, it is unnecessary to reach the statutory issues addressed by the dissent.