■ In the Matter of JAVIER V., Respondent. RUDOLPH F. CREW, as Chancellor of the New York City Board of Education, Appellant. [670 NYS2d 355] —Appeal by the nonparty Rudolph F. Crew, as Chancellor of the New York City Board of Education, from an order of the Family Court, Kings County (Elkins, J.), dated October 6, 1997, which granted the motion of Javier V. to compel him to produce certain information.

Ordered that the order is reversed, on the law, without costs or disbursements, and the respondent's motion is denied.

The respondent was accused of sexually assaulting a classmate in the hallway of their school. The respondent moved for the issuance of a subpoena duces tecum pursuant to CPLR 2302 (b) to compel the nonparty appellant to produce "home addresses, telephone numbers and full name of" two students who were allegedly in the hallway when the incident occurred. The Family Court granted the motion and the following appeal ensued. We agree with the appellant that the respondent's motion for a subpoena duces tecum should have been denied.

A subpoena duces tecum is not to be used for discovery or to ascertain the existence of evidence (see, Matter of Terry D., 81 NY2d 1042; see also, People v Gissendanner, 48 NY2d 543; Matter of Constantine v Leto, 157 AD2d 376, 378, affd 77 NY2d 975). Rather, its purpose is to direct an individual, or entity, to produce books, documents, papers, or other items in his or her possession as a basis for testimony relevant to the matter under inquiry (see, Matter of Terry D., supra, at 1044; Matter of Constantine v Leto, supra, at 378). The names, addresses and telephone numbers of the two students sought in the subpoena are not among the items listed as discoverable pursuant to Family Court Act § 330.1 et seq., and a subpoena duces tecum may not be used to circumvent those discovery provisions (see, Matter of Terry D., supra; Matter of Constantine v Leto, supra, at 378). Copertino, J. P., Santucci, Krausman and Florio, JJ., concur.