In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Queens County (Lane, J.), dated November 30, 2011, which granted the separate motions of the plaintiff and the third-party defendant pursuant to CPLR 2304 to quash a subpoena duces tecum served by the defendants/third-party plaintiffs.
Ordered that the order is affirmed, without costs or disbursements.
The plaintiff is the owner of the third-party defendant Atlantic Contracting, LLC (hereinafter Atlantic). On August 9, 2008, while working at a commercial property in Middle Village, Queens, he allegedly was seriously injured when the scaffold upon which he was standing partially collapsed, causing him to *994 fall to the ground. He subsequently commenced this action to recover damages for personal injuries. In July 2011, several months after the completion of discovery and the filing of the note of issue, the defendants/third-party plaintiffs (hereinafter the defendants) served the plaintiff with a subpoena duces tecum seeking, inter alia, customer records for the plaintiff and Atlantic for the years 2006 through 2011. In response, the plaintiff and Atlantic separately moved pursuant to CPLR 2304 to quash the subpoena. The Supreme Court granted the respective motions.
“[A] subpoena duces tecum may not be used for purpose[s] of discovery or to ascertain the existence of evidence” (Matter of Terry D., 81 NY2d 1042, 1044 [1993]; see Matter of Board of Educ. of City of N.Y. v Hankins, 294 AD2d 360 [2002]). Here, the subpoena duces tecum served by the defendants improperly sought production of certain materials that the defendants had failed to seek during the discovery process, or that had previously been the subject of an unsuccessful motion to compel disclosure. Under these circumstances, the Supreme Court properly granted the separate motions of the plaintiff and the third-party defendant to quash the subpoena duces tecum (see Matter of Terry D., 81 NY2d 1042, 1044 [1993]; Matter of American Express Prop. Cas. Co. v Vinci, 63 AD3d 1055, 1056 [2009]; Matter of Board of Educ. of City of N.Y. v Hankins, 294 AD2d 360 [2002]). Dillon, J.R, Angiolillo, Austin and Hinds-Radix, JJ., concur. [Prior Case History; 2011 NY Slip Op 33306(U).]