Judgment, Supreme Court, New York County (Michael J. Obús, J, at motion to quash; Juan M. Merchan, J, at jury trial and sentencing), rendered December 15, 2010, convicting defendant of grand larceny in the third degree and two counts of falsely reporting an incident in the third degree and sentencing him to an aggregate term of six months, concurrent with five years’ probation, *501 and ordering him to pay $3,600 in restitution, unanimously affirmed.
Defendant’s argument that his conviction of larceny by false promise was not supported by legally sufficient evidence is unpreserved (see People v Gray, 86 NY2d 10 [1995]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People u Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury’s credibility determinations. The evidence amply supported the inference that when defendant took the victim’s money in return for permitting her to occupy his apartment, he had no intention of fulfilling that promise (see Penal Law § 155.05 [2] [d]).
The court properly exercised its discretion in granting a motion to quash defendant’s subpoena duces tecum for documents related to his past complaints to the Internal Affairs Bureau of the Police Department. The documents sought were not “relevant and material to facts at issue” in this case (Matter of Terry D., 81 NY2d 1042, 1044 [1993]; see also People v Gissendanner, 48 NY2d 543, 551 [1979]). The motion court properly rejected defendant’s far-fetched claims of relevance. Concur — Mazzarelli, J.P., Andrias, Freedman and Gische, JJ.