Bottini v Bottini (2018 NY Slip Op 05665)





Bottini v Bottini


2018 NY Slip Op 05665


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2017-00690
 (Index No. 3222/11)

[*1]Sheila Bottini, appellant, 
v
Anthony R. Bottini, Jr., respondent.


Sheila Bottini, Poughkeepsie, NY, appellant pro se.
Lazar & Schwartz Law Offices, Hopewell Junction, NY (Kathryn S. Lazar and Brett E. Jones of counsel), for respondent.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals from stated portions of a judgment of divorce of the Supreme Court, Dutchess County (James D. Pagones, J.), dated December 23, 2016. The judgment, insofar as appealed from, upon the plaintiff's default in appearing at a trial on ancillary economic issues, and upon an order of the same court dated December 20, 2016, made after a nonjury trial, inter alia, awarded the plaintiff maintenance only in the sum of $7,500 per month until the plaintiff had received $1,000,000 of her distributive share of a certain 2010 promissory note, and then $5,000 per month until the plaintiff had received the balance of her share of that promissory note, and equitably distributed the parties' marital property.
ORDERED that the appeal from the judgment of divorce is dismissed, without costs or disbursements, except insofar as it brings up for review (1) an order dated February 23, 2015, granting that branch of the plaintiff's motion which was for post-note of issue discovery only to the extent of permitting discovery limited to the six months preceding the date of commencement of this action, (2) an order dated June 29, 2015, denying those branches of the plaintiff's motion which were to vacate the appointment of Referee Kenneth Bernstein and to quash a subpoena served upon the plaintiff, and (3) an order dated March 28, 2016, granting that branch of the defendant's motion which was to quash 24 proposed subpoenas to the extent that the Supreme Court declined to so-order them; and it is further,
ORDERED that the judgment of divorce is affirmed insofar as reviewed, without costs or disbursements.
The parties were married in 1986 and have three emancipated children. In 2011, the plaintiff commenced this action for a divorce and ancillary relief. In November 2014, the plaintiff moved, inter alia, for post-note of issue discovery. The Supreme Court, among other things, granted that branch of her motion to the extent of affording her certain limited discovery. The court also, sua sponte, directed the parties to select an attorney to act as referee to supervise all post-note of issue discovery within 10 days or, alternatively, the court would select the referee if the parties were unable to stipulate to a referee. Thereafter, the parties requested that the court select a referee, and [*2]in March 2015, the court appointed Referee Kenneth Bernstein to supervise disclosure pursuant to CPLR 3104(a).
In May 2015, the plaintiff moved, inter alia, to vacate the appointment of Referee Bernstein. The Supreme Court denied that branch of the plaintiff's motion. Thereafter, the court referred the trial in this matter to Referee George Marlow to hear and report. In February 2016, the plaintiff submitted 24 proposed subpoenas to the court and the defendant moved, inter alia, to quash them. In an order dated March 28, 2016, the court, among other things, declined to so-order the 24 proposed subpoenas. In April 2016, the matter proceeded to trial before Referee Marlow. After presenting one witness on the first day of trial, the plaintiff left a voicemail message for Referee Marlow informing him that she would not be returning. Despite Referee Marlow's warnings and explanations as to the consequences of her failure to present evidence, the plaintiff did not return for the remainder of the trial.
In September 2016, Referee Marlow issued a report making recommendations that the plaintiff be found to have defaulted at trial, as to maintenance payable to the plaintiff, and as to the parties' distributive shares of the marital assets. The plaintiff moved, in effect, to disaffirm the Referee's report and the defendant cross-moved, inter alia, to confirm the report. In an order dated December 20, 2016, upon a decision dated November 23, 2016, the Supreme Court, inter alia, denied the plaintiff's motion, in effect, to disaffirm the Referee's report and granted that branch of the defendant's cross motion which was to confirm the report. The court issued a judgment of divorce dated December 23, 2016, upon the plaintiff's default in appearing at the trial, and upon the order dated December 20, 2016. The plaintiff appeals from stated portions of the judgment.
The Supreme Court properly determined that the plaintiff's conduct at trial was a knowing and willing default, as she attended the first day of trial and then voluntarily chose not to attend the remainder of the trial (see Sarlo-Pinzur v Pinzur, 59 AD3d 607, 607; Matter of Anita L. v Damon N., 54 AD3d 630, 631). Although no appeal lies from a judgment entered on the default of the appealing party (see CPLR 5511), an appeal from such a judgment brings up for review "those matters which were the subject of contest before the Supreme Court" (Sarlo-Pinzur v Pinzur, 59 AD3d at 607-608 [internal quotations omitted]; see James v Powell, 19 NY2d 249, 256 n 3; Alam v Alam, 123 AD3d 1066, 1067; Tun v Aw, 10 AD3d 651, 652). Here, contrary to the defendant's contention, the order dated March 28, 2016, in which the court granted the defendant's motion to quash to the extent of declining to so-order the 24 proposed subpoenas, is brought up for review.
As a pro se litigant, the plaintiff was unable to issue subpoenas on her own, and her subpoenas need to be so-ordered by the Supreme Court (see CPLR 2302; Hamilton v Touseull, 48 AD3d 520, 521). A subpoena duces tecum may not be used for the purposes of general discovery (see Matter of Terry D., 81 NY2d 1042, 1044; Wahab v Agris & Brenner, LLC, 106 AD3d 993, 994; Matter of Board of Educ. of City of N.Y. v Hankins, 294 AD2d 360, 360). Rather, the purpose of a subpoena duces tecum is " to compel the production of specific documents that are relevant and material to facts at issue in a pending judicial proceeding'" (Matter of Terry D., 81 NY2d at 1044, quoting Matter of Constantine v Leto, 157 AD2d 376, 378). Here, the plaintiff submitted the 24 proposed subpoenas to the court in February 2016, which was several months after the completion date for post-note of issue discovery. In addition to being overly broad, the subpoenas improperly sought the production of documents for the time period from 2007 through 2011, which was in violation of the court's prior orders. Under these circumstances, the court providently exercised its discretion by declining to so-order the 24 proposed subpoenas, thus effectively denying the plaintiff's ability to issue the subpoenas (see Wahab v Agris & Brenner, LLC, 106 AD3d at 994; Matter of Board of Educ. of City of N.Y. v Hankins, 294 AD2d at 360).
The plaintiff's remaining contentions, including those concerning the intermediate orders dated February 23, 2015, and June 29, 2015, which are brought up for review on this appeal from the judgment of divorce (see CPLR 5501[a][1]; Bottini v Bottini, ___ AD3d ___ [Appellate Division Docket Nos. 2015-08353, 2015-08357; decided herewith]), either are without merit or do not warrant reversal.
CHAMBERS, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court