Capacity Group of NY, LLC v Duni (2020 NY Slip Op 05028)





Capacity Group of NY, LLC v Duni


2020 NY Slip Op 05028


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2019-08249
 (Index No. 601202/17)

[*1]Capacity Group of NY, LLC, appellant,
v
Michael A. Duni, et al., respondents (and a third-party action).


Porzio, Bromberg & Newman, P.C., New York, NY (Gary M. Fellner of counsel), for appellant.
Law Offices of Michael C. Duni, PLLC, New York, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Anna R. Anzalone, J.), entered June 13, 2019. The order, insofar as appealed from, granted those branches of the defendants' motions which were pursuant to CPLR 2304 to quash certain subpoenas issued by the plaintiff.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2017, the plaintiff commenced this action, inter alia, to recover damages for breach of contract. Between December 2018 and April 2019, the plaintiff served various subpoenas duces tecum and subpoenas ad testificandum on numerous nonparties, including alleged former customers of the plaintiff and one of its competitors. The defendants made successive motions, inter alia, pursuant to CPLR 2304 to quash those subpoenas. In an order entered June 13, 2019, the Supreme Court granted those branches of the defendants' motions which were pursuant to CPLR 2304 to quash the subpoenas on the ground that the evidence sought was, inter alia, irrelevant. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court was not required to deny the subject branches of the defendants' motions on the ground that the defendants failed to submit an attorney's affirmation attesting to a good-faith pre-motion attempt to resolve the dispute with the plaintiff. While the defendants failed to submit an affirmation of good faith from their attorney, the record reveals that the discovery dispute could not be resolved without court intervention, thereby establishing good cause for the defendants' failure to confer with opposing counsel prior to making these motions (see 22 NYCRR 202.7[c]; Encalada v Riverside Retail, LLC, 175 AD3d 467, 468; Loeb v Assara N.Y. I L.P., 118 AD3d 457, 458).
A subpoena duces tecum may not be used for the purpose of general discovery or to ascertain the existence of evidence (see Matter of Terry D., 81 NY2d 1042, 1044; Wahab v Agris & Brenner, LLC, 106 AD3d 993, 994; Matter of Board of Educ. of City of N.Y. v Hankins, 294 AD2d 360, 360). Rather, the purpose of a subpoena duces tecum is "to compel the production of specific documents that are relevant and material to facts at issue in a pending judicial proceeding" [*2](Matter of Terry D., 81 NY2d at 1044 [internal quotation marks omitted]; see Bottini v Bottini, 164 AD3d 556, 558). Here, the plaintiff failed to specify with "reasonable particularity" the documents and other items requested (CPLR 3120[2]). Furthermore, the subpoenas seeking the testimony of numerous nonparties were defective, since the plaintiff failed to provide the nonparties with a sufficient explanation of the circumstances or reasons requiring disclosure either on the face of the subpoenas or in any accompanying material (see CPLR 3101[a][4]; Matter of Kapon v Koch, 23 NY3d 32, 39; Gandham v Gandham, 170 AD3d 964, 966; Needleman v Tornheim, 88 AD3d 773, 774).
Accordingly, we agree with the Supreme Court's determination to grant those branches of the defendants' motions which were pursuant to CPLR 2304 to quash the nonparty subpoenas.
MASTRO, J.P., ROMAN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court