| People v Trump |
|:---:|
| 2024 NY Slip Op 31429(U) |
| April 23, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 71543/2023 |
| Judge: Juan M. Merchan |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 59

|  |  |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK<br><br>- against -<br><br>DONALD J. TRUMP,<br><br>Defendant. | **DECISION AND ORDER**<br>ON DEFENDANT'S<br>MOTION TO COMPEL<br>COMPLIANCE WITH<br>SUBPOENA *DUCES TECUM*<br>TO STEPHANIE CLIFFORD<br><br>Ind. No. 71543/2023 |

HON. JUAN M. MERCHAN A.J.S.C.:

On April 4, 2023, Donald J. Trump, the Defendant, was arraigned before this Court on an indictment charging him with 34 counts of Falsifying Business Records in the First Degree, in violation of Penal Law § 175.10. On March 18, 2024, Defendant issued a subpoena *duces tecum* (hereinafter "Subpoena") to Stephanie Clifford a/k/a "Stormy Daniels" (hereinafter "Daniels") seeking all materials related to the documentary film titled "Stormy" (hereinafter "Documentary"). The subpoena also sought all documents, for the period between April 2023 and the present, relating to communications with "Michael Cohen or his representatives, Karen McDougal, Elizabeth Jean Carroll, Jessica Leeds, or Natasha Stoynoff." Daniels 3/18/24 Subpoena. Finally, the subpoena sought all documents "relating to communications with the U.S. Attorney's Office for the Southern District of New York" during the period of April 2018 to the present. *Id.* On April 8, 2024, Defendant filed a pre-motion letter indicating his intent to file a motion to compel compliance with the Subpoena. On April 9, 2024, Clark O. Brewster, attorney for Daniels, filed a letter opposing Defendant's motion to compel as well as cross moving to quash the Subpoena. On April 12, 2024, the Defendant filed his motion to compel. On April 19, 2024, the People filed a motion in opposition to Defendant's motion to compel and cross moved to quash the Subpoena.

### DISCUSSION

For the following reasons, Defendant's motion to compel is **DENIED** and the People and Daniels' motions to quash are **GRANTED**.

CPL § 610.20 provides that any party to a criminal proceeding may issue a subpoena. CPL § 610.20(3) specifically provides that an attorney for a defendant in a criminal action may issue a

subpoena of any witness whom the defendant is entitled to call in such action or proceeding. To "sustain a subpoena," the issuing party must demonstrate "that the testimony or evidence sought is reasonably likely to be relevant and material to the proceedings and that the subpoena is not overbroad or unreasonably burdensome." *See* CPL § 610.20(4); *see also, People v. Kozlowski*, 11 NY3d 223, 242 [2008] (the proper purpose of a subpoena *duces tecum* is to compel the production of specific documents that are relevant and material to facts at issue in a judicial proceeding). When disputes arise concerning the "validity or propriety" of a subpoena, the court must resolve whether the subpoena is enforceable. *See Application of Davis*, 88 Misc2d 938, 940 [Crim. Ct. N.Y. Co. 1976]; *see also, People v. Natal*, 75 NY2d 379, 385 [1990]. Because the subpoenaed materials are returnable to the court, it follows that the court retains the ultimate authority on the outer parameters of the subpoena powers. *See People v. D.N.*, 62 Misc3d 544 [Crim. Ct. N.Y. Co. 2018], *internally citing Matter of Terry D.*, 81 NY2d 1042 [1993].

The Court of Appeals has held that a subpoena is properly quashed when the party issuing the subpoena fails "to demonstrate any theory of relevancy and materiality, but instead, merely desire[s] the opportunity for an unrestrained foray into confidential records in the hope that the unearthing of some unspecified information [will] enable [them] to impeach witness[es]." *People v. Gissendanner*, 48 NY2d 543, 549 [1979]. A subpoena *duces tecum* may not generally be "used for the purpose of discovery or to ascertain the existence of evidence." *Id.* at 551. Conversely, courts have denied a motion to quash where the subpoena demands production of specific documents which are relevant and material to the proceedings. *See People v. Duran*, 32 Misc3d 225, 229 [Crim. Ct. Kings Co. 2011, Laporte, J] ("the defendant established that the solicited data is relevant and material to the determination of guilt or innocence, and not sought solely in the speculative hope of finding possible impeachment of witness' general credibility"); *People v. Campanella*, 27 Misc3d 737 [Dist. Ct. Suffolk Co. 2009, Horowitz, J].

When deciding a motion to quash a subpoena, "access must be afforded to …data relevant and material to the determination of guilt or innocence, as, for example, when a request for access is directed toward revealing specific 'biases, prejudices or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand' or when it involves other information which if known to the trier of fact, could very well affect the outcome of the trial … there is no such compulsion when requests to examine records are motivated by nothing more than impeachment of witnesses' general credibility." *People v. Gissendanner* at 548, *quoting Davis v. Alaska*, 415 US 308, 316 [1974]. Thus, this Court must determine, among other things, whether the subpoena seeks information to be used for impeachment of general credibility or is instead directed towards revealing specific biases, prejudices or ulterior motives related directly to personalities or issues in the instant matter;

2

whether the solicited information is material to the question of guilt or innocence, or nothing more than a 'fishing expedition.'

Defendant's first request seeks "all Documents that relate to the Documentary and one or more of the following topics…" Defendant's first request mirrors that of the requests sent to NBC Universal on March 11, 2024, in a subpoena that was quashed by this Court on April 5, 2024. First, Defendant seeks *all* documents "that relate to the Documentary and one or more of the following topics: (a) the premiere of the Documentary, (b) the release date of the Documentary, (c) editing of the Documentary, (d) promotion of the Documentary, (e) marketing of the Documentary, (f) any form of compensation  relating to the Documentary, (g) any rights to the Documentary maintained by Stephanie Clifford, (h) agreements between Stephanie Clifford and NBCUniversal or any of its affiliates, (i) the Manhattan District Attorney's Office, (j) District Attorney Alvin Bragg, (k) Susan Hoffinger, (l) Rebecca Mangold, (m) Joshua Steinglass, (n) Matthew Colangelo, (o) the trial in *People v. Trump*, Indictment Number 71543-23, involving charges filed by the Manhattan District Attorney's Office, (p) Michael Cohen, and (q) Donald J. Trump." Daniels 3/18/24 Subpoena. This request is overbroad and seeks general discovery.

Defendant's second request seeks, for the time period between April 2023 to the present, "all documents relating to communications with the following: Michael Cohen or his representatives; Karen McDougal; Elizabeth Jean Carroll; Jessica Leeds; or Natasha Stoynoff." Daniels 3/18/24 Subpoena. This request is overbroad, seeks general discovery, and is not limited to the subject matter of the case.

Defendant's third request seeks, for the time period between April 2018 to the present, "all Documents relating to the communications with the U.S. Attorney's Office for the Southern District of New York. Daniels 3/18/24 Subpoena. This request is overbroad, seeks general discovery, and is not limited to the subject matter of the case.

For the foregoing reasons, Defendant's motion to compel is DENIED and the People and Daniels' motions to quash are GRANTED.

SO ORDERED.

April 23, 2024
New York, New York

APR 2 3 2024

_____
Juan M. Merchan
Acting Justice of the Supreme Court
Judge of the Court of Claims

HON. J. MERCHAN

4