| **McGill v Whitney Museum of Am. Art** |
|:---:|
| 2024 NY Slip Op 33128(U) |
| September 6, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158766/2015 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. HASA A. KINGO</u>        PART              **5**

*Justice*

------------------------------------------------------------------------------X

RICHARD MCGILL,

                Plaintiff,

       - v -

WHITNEY MUSEUM OF AMERICAN ART, TURNER
CONSTRUCTION COMPANY,

                Defendant.

------------------------------------------------------------------------------X

WHITNEY MUSEUM OF AMERICAN ART, TURNER
CONSTRUCTION COMPANY

                Plaintiff,

      -against-

ANDREW MEROLA

                Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158766/2015 |
| MOTION DATE | 04/15/2024 |
| MOTION SEQ. NO. | 008 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595459/2024

The following e-filed documents, listed by NYSCEF document number (Motion 008) 173, 174, 175, 176, 177, 190, 191, 192, 193, 194, 195, 234, 235, 236, 237, 371

were read on this motion to    <u>QUASH SUBPOENA, FIX CONDITIONS</u>.

      With the instant motion, Plaintiff Richard McGill ("Plaintiff") moves for an order quashing the subpoenas *duces tecum* issued by Defendants Whitney Museum of American Art and Turner Construction Company ("Defendants") to his treating neurologist, Steven J. Touliopoulos, MD ("Dr. Touliopoulos"), and orthopedic surgeon, Andrew Merola, MD ("Dr. Merola"). Plaintiff also seeks a protective order pursuant to CPLR § 3103, asserting that the subpoenas are procedurally defective, fail to comply with CPLR § 3101(a)(4), and violate the Uniform Trial Court Rules, specifically 22 NYCRR § 202.21. Plaintiff argues that these subpoenas are overbroad, improperly timed, and constitute a blatant "fishing expedition."

      Defendants oppose, contending that the subpoenas were validly issued as trial subpoenas pursuant to CPLR § 2303-a, arguing that the information sought is material and necessary for trial. Defendants assert that recent developments in a federal RICO action involving Plaintiff's treating physicians warrant further inquiry.

**158766/2015   MCGILL, RICHARD vs. WHITNEY MUSEUM OF AMERICAN ART**      **Page 1 of 4**
**Motion No. 008**

1 of 4

[* 1]

## BACKGROUND

This action arises from an accident on August 16, 2013, during the construction of the Whitney Museum of American Art, where Plaintiff, employed as a glazier, was severely injured while working on the premises. Plaintiff fell while attempting to re-enter a scissor lift, causing significant injury to his right shoulder and other parts of his body.

As a result of his injuries, Plaintiff received treatment from Drs. Touliopoulos and Merola, both of whom performed surgical procedures on him. Plaintiff subsequently filed a personal injury action against Defendants, alleging that their negligence contributed to his accident and injuries.

Following the filing of the note of issue on February 28, 2020, the case progressed towards trial, with jury selection originally set for May 6, 2024.[1] On April 4, 2024, Defendants served subpoenas *duces tecum* on Plaintiff's treating physicians, seeking records and correspondence relating to their treatment of Plaintiff. Plaintiff contends that these subpoenas are untimely, violate the discovery rules, and improperly attempt to conduct additional pre-trial discovery without the court's permission.

## ARGUMENTS

Plaintiff's primary argument for quashing the subpoenas is that they violate several provisions of New York law governing subpoenas and pre-trial discovery. Plaintiff asserts that the subpoenas fail to comply with CPLR § 3101(a)(4), which mandates that a subpoena to a non-party must state the circumstances or reasons why the information sought is necessary. In *Matter of Kapon v. Koch*, 23 NY3d 32, 38 (2014), the Court of Appeals held that a subpoena must state "the circumstances or reasons such disclosure is sought or required," and failure to do so renders the subpoena facially insufficient. Here, Plaintiff contends that the subpoenas at issue do not meet this requirement, as Defendants have not adequately demonstrated why the disclosure of these medical records is essential at this stage of the litigation.

Furthermore, Plaintiff argues that the subpoenas are defective under CPLR § 3120(2), which requires subpoenas to specify with "reasonable particularity" the documents sought and to provide at least 20 days' notice. Plaintiff asserts that the subpoenas served by Defendants do not comply with these requirements, as they demand broad categories of documents and provide less than 20 days' notice. Plaintiff underscores that in *Capacity Group of NY, LLC v. Duni*, 186 AD3d 1482, 1483 (2d Dept 2020), the Appellate Division, Second Department, quashed a subpoena that similarly lacked the necessary specificity and notice, holding that such defects are fatal to the validity of a subpoena.

In addition, Plaintiff contends that Defendants failed to comply with 22 NYCRR § 202.21, which governs post-note of issue discovery. This rule explicitly states that once a note of issue has been filed, further discovery may only be conducted upon leave of the court, and only upon a showing of "unusual or unanticipated circumstances." The Appellate Division, First Department, in *Desario v. SL Green Mgt. LLC*, 118 AD3d 520, 521 (1st Dept 2014), made clear that post-note

---

[1] The matter was subsequently adjourned on this date, and the parties are presently appearing before the undersigned with jury selection scheduled to proceed on Monday September 16, 2024.

**158766/2015 MCGILL, RICHARD vs. WHITNEY MUSEUM OF AMERICAN ART** Page 2 of 4
**Motion No. 008**

2 of 4

discovery should only be permitted in rare circumstances to prevent substantial prejudice. Plaintiff argues that Defendants in this case did not seek court approval before issuing the subpoenas and have not demonstrated any such "unusual or unanticipated circumstances" justifying the additional discovery. Plaintiff further highlights that in *Schroeder v. IESI N.Y. Corp.*, 24 AD3d 180, 182 (1st Dept 2005), the court affirmed the quashing of subpoenas issued after the filing of the note of issue, emphasizing the importance of adhering to the procedural rules governing discovery.

Defendants, in opposition, argue that the subpoenas are not subject to pre-trial discovery rules because they were issued as trial subpoenas under CPLR § 2303-a. Defendants assert that the recent filing of a federal RICO lawsuit involving Plaintiff's treating physicians justifies the subpoenas, as the information sought is relevant to the credibility of these physicians and their treatment of Plaintiff.

## DISCUSSION

Upon review of the parties' respective papers, and in consideration of the arguments relayed by counsel during oral argument before the court on September 5, 2024, the Court finds that the subpoenas issued to Drs. Touliopoulos and Merola are procedurally defective and improper under New York law. First, as articulated in *Kapon*, the subpoenas lack the requisite statement of necessity and fail to provide sufficient notice under CPLR § 3120(2). Assuming, arguendo, that this Court is persuaded by the Defendants' assertion that the subpoenas are not subject to pre-trial discovery rules because they were issued as trial subpoenas under CPLR § 2303-a, the subpoenas are nonetheless improper. Indeed, the purpose of a trial subpoena is to compel the production of specific, relevant evidence—not to conduct a fishing expedition for impeachment material. In *Matter of Terry D.*, 81 NY2d 1042, 1044 (1993), the Court of Appeals held that a subpoena *duces tecum* may not be used as a general discovery tool or to ascertain the existence of evidence.

Second, Defendants failed to seek leave of court for post-note discovery, as required by 22 NYCRR § 202.21. The court in *Schroeder* emphasized the importance of adhering to discovery deadlines, and the failure to do so in this case is particularly egregious, as Defendants have not demonstrated any legitimate basis for the additional discovery.

The federal RICO lawsuit cited by Defendants is unrelated to the current personal injury action, and the mere existence of allegations in that separate matter does not justify reopening discovery here. As noted in *Badr v. Hogan*, 75 NY2d 629, 635 (1990), evidence of collateral matters is inadmissible for the purpose of impeaching a witness's credibility. The subpoenas issued in this case clearly seek to explore collateral matters related to the treating physicians, which are not relevant to the issues of liability or damages in this personal injury case.

Moreover, the court is particularly concerned by the timing of the subpoenas. Defendants waited more than four years after the filing of the note of issue to serve these subpoenas, without seeking court approval or demonstrating any substantial prejudice that would justify this delay. As the court held in *Desario*, post-note discovery is only appropriate in the most exceptional circumstances, and none are present here.

**158766/2015   MCGILL, RICHARD vs. WHITNEY MUSEUM OF AMERICAN ART**          **Page 3 of 4**
**Motion No.  008**

3 of 4

[* 3]

Finally, Plaintiff's request for a protective order is well-founded. CPLR § 3103(a) empowers the court to issue protective orders to prevent "unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice" to a party or witness. Given the improper nature of the subpoenas, the court finds that a protective order is necessary to prevent further abuse of the discovery process.

For the foregoing reasons, it is hereby

ORDERED that Plaintiff's motion to quash the subpoenas issued to Drs. Touliopoulos and Merola is granted; and it is further

ORDERED that a protective order is issued pursuant to CPLR § 3103 to prevent further unreasonable discovery demands by Defendants.

This constitutes the decision and order of the court.

20240906121937HKING0816556CEE2B94355AAD1E14CEK0DF219

__9/6/2024__
DATE

HASA A. KINGO, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 4]