Ruppert v Ruppert (2025 NY Slip Op 06884)

Ruppert v Ruppert

2025 NY Slip Op 06884

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
PHILLIP HOM, JJ.

2023-01098
 (Index No. 614474/21)

[*1]Cecile Ruppert, plaintiff,
vPeter D. Ruppert, et al., respondents; Daniel E. Ruppert, nonparty-appellant.

Stephen C. Giametta & Associates, P.C., Bohemia, NY, for nonparty-appellant.
Mark H. Weiss, P.C., Commack, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for conversion, nonparty Daniel E. Ruppert appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated November 4, 2022. The order denied the motion of nonparty Daniel E. Ruppert to quash a subpoena and a subpoena duces tecum served upon him by the defendants.
ORDERED that the order is reversed, on the law, with costs, and the motion of nonparty Daniel E. Ruppert to quash the subpoena and subpoena duces tecum served upon him by the defendants is granted.
The plaintiff commenced this action, inter alia, to recover damages for conversion against her son, the defendant Peter D. Ruppert, and Peter's spouse, the defendant Ana Perez Ruppert. The plaintiff alleged, among other things, that Peter made false representations to her to induce her to add him as a joint account holder to certain bank accounts held by the plaintiff and that the defendants then obtained funds from the plaintiff's bank accounts without her permission or knowledge.
In December 2021, the defendants served upon nonparty Daniel E. Ruppert, Peter's brother, a subpoena directing him to appear for a deposition and a subpoena duces tecum directing Daniel to produce certain documents for examination (hereinafter together the subpoenas). In January 2022, Daniel moved pursuant to CPLR 2304 to quash the subpoenas served upon him by the defendants. In an order dated November 4, 2022, the Supreme Court denied Daniel's motion. Daniel appeals.
Pursuant to CPLR 3101(a)(4), a party may obtain discovery from a nonparty of "matter material and necessary in the prosecution or defense of an action" in possession of a nonparty, providing the nonparty is apprised of the "circumstances or reasons such disclosure is sought or required" (U.S. Bank Trust, N.A. v Carter, 204 AD3d 727, 729 [internal quotation marks omitted]). "The notice requirement of CPLR 3101(a)(4) 'obligates the subpoenaing party to state, either on the face of the subpoena or in a notice accompanying it, the circumstances or reasons such disclosure is sought or required'" (DiBuono v Abbey, LLC, 163 AD3d 524, 525 [internal quotation marks omitted], quoting Matter of Kapon v Koch, 23 NY3d 32, 39; see CPLR 3101[a][4]). "Once [*2]that is satisfied, it is then the burden of the person moving to quash a subpoena to establish either that the requested disclosure 'is utterly irrelevant to the action or that the futility of the process to uncover anything legitimate is inevitable or obvious'" (Nunez v Peikarian, 208 AD3d 670, 671, quoting Matter of Kapon v Koch, 23 NY3d at 34).
Here, the subpoenas were defective, since neither the subpoenas nor any accompanying documents set forth "the circumstances or reasons [the] disclosure is sought or required" (CPLR 3101[a][4]; see Capacity Group of NY, LLC v Duni, 186 AD3d 1482, 1484; Gandham v Gandham, 170 AD3d 964, 966). Thus, the Supreme Court should have granted Daniel's motion to quash the subpoenas, irrespective of whether Daniel established that the requested disclosure was utterly irrelevant to the action or that the futility of the process to uncover anything legitimate was inevitable or obvious (see Gandham v Gandham, 170 AD3d at 966).
The remaining contentions of Daniel and the defendants either are without merit or need not be reached in light of our determination.
DILLON, J.P., WOOTEN, FORD and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court